# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-500-RJC-DCK

| | |
|---|---|
| MARK WORSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| AETNA LIFE INSURANCE COMPANY; ) | |
| DUKE ENERGY CAROLINAS, LLC; ) | |
| DUKE ENERGY LONG-TERM DISABILITY ) | |
| INSURANCE PLAN; DUKE ENERGY ) | |
| BENEFITS COMMITTEE; DUKE ENERGY ) | |
| CLAIMS COMMITTEE; ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Aetna Life Insurance Company's Motion To Partially Dismiss Complaint" (Document No. 14) and "...Brief In Support..." (Document No. 15), filed January 2, 2008; "Motion To Dismiss Complaint Of Defendants Duke Energy Carolinas, LLC, Duke Energy Long-Term Disability Insurance Plan, Duke Energy Benefits Committee, and Duke Energy Claims Committee" (Document No. 16) and "Brief In Support..." (Document No. 17), filed January 2, 2008; "Plaintiff's Response In Opposition To Defendants' Motions To Dismiss" (Document No. 23); and "Defendants' Consolidated Reply Brief In Support Of Defendants' Motions To Dismiss Complaint" (Document No. 25), filed March 3, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having carefully considered the arguments, the record, and the applicable authority, the

undersigned will respectfully recommend that Defendant Aetna's motion be granted and the Duke Defendants' motion be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the "Complaint" (Document No. 1) filed by Mark Worsley ("Plaintiff") on November 27, 2007, he was an employee of Duke Energy Carolinas, LLC ("Duke Energy") for over twenty-five years. (Document No. 1 at 3). In or about April 2001, Plaintiff became disabled and subsequently applied for benefits under the Duke Energy Long-Term Disability Insurance Plan ("LTD Plan"), a plan issued to Duke Energy by Aetna Life Insurance Company ("Aetna"). Id. Plaintiff's claim was approved and Aetna began paying him a monthly LTD Plan benefit on October 12, 2001. Id.

By letter dated May 24, 2006, Aetna terminated Plaintiff's LTD Plan benefits contending that he was not disabled. Id. Plaintiff appealed, but on June 6, 2007, Aetna upheld its termination decision contending that Defendant was not disabled after December 31, 2006. Id. at 4. Apparently, Aetna also has not paid benefits for the period of May 24, 2006 through December 31, 2006 when it still considered Plaintiff disabled. Id.

Plaintiff's Complaint contends that Aetna's termination of his LTD Plan benefits was grossly wrong, unreasonable and not based on substantial evidence, and that Defendants' procedure denied him a full and fair review as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Id. Plaintiff alleges that Defendants have breached the LTD Plan and ERISA. Id. at 6. He seeks to recover his benefits and rights under the LTD Plan, as well as any and all other employee benefit plans he would be entitled to if his LTD Plan benefits had not been terminated, pursuant to 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(a)(3). Id. Plaintiff

contends that "as long as [he] remains disabled under the terms of the LTD Plan, [he] is eligible for certain other employee benefits from Duke Energy, including but not limited to medical, dental, life and other coverage and benefits for himself and his eligible dependents. Id. at 4.

Defendant Aetna subsequently filed its partial motion to dismiss (Document No. 14) on January 2, 2008, principally arguing that Plaintiff cannot simultaneously seek relief under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(a)(3). (Document No. 14 at 1). The remaining Defendants, Duke Energy Carolinas, LLC et al ("Duke Defendants"), also filed a motion to dismiss (Document No. 16) on January 2, 2008, taking the position that Aetna is the only proper defendant. (Document No. 16 at 1). The Duke Defendants contend that pursuant to Fed.R.Civ.P. 12(b)(6), the Complaint should be dismissed in its entirety, as to their involvement, because they are not proper parties in this ERISA action. Id. at 2.

## II. STANDARD OF REVIEW

**Motion to Dismiss under Rule 12(b)(6)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). As recently explained by the Supreme Court:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, ... [f]actual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

3

The Court went on to hold that "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. The Supreme Court also added in another recent decision that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

As noted above, there are currently two pending motions to dismiss in this matter: a partial motion to dismiss by the Aetna Defendant; and a motion to dismiss in the entirety by the Duke Defendants. These motions, the issues they present, and the parties' arguments for and against are significantly intertwined, and it is most efficient to address them together.

First, Defendant Aetna's motion makes the argument that Plaintiff cannot simultaneously seek relief under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(a)(3). Aetna contends, and cites persuasive authority to support its argument, that a plaintiff cannot pursue a claim under 29 U.S.C. §1132(a)(3) if that plaintiff also has an available remedy under 29 U.S.C. §1132(a)(1)(B):

4

> the great majority of circuit courts have interpreted Varity to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3). . . . These courts have not allowed claimants to proceed with § 1132(a)(3) claims where relief was potentially available to them under § 1132(a)(1)(B), because, in Varity, "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." Wilkins, 150 F.3d at 615. A plaintiff whose injury consists of a denial of benefits "has adequate relief available for the alleged improper denial of benefits through his right to sue [the benefit plan] directly under section 1132(a)(1)," and thus "relief through the application of Section 1132(a)(3) would be inappropriate." Tolson, 141 F.3d at 610. . . . We join our sister circuits and hold that § 1132(a)(1)(B) affords the plaintiff adequate relief for her benefits claim, and a cause of action under § 1132(a)(3) is thus not appropriate.

Korotynska v. Metropolitan Life Ins. Co., 474 F.3d 101, 107 (4th Cir. 2006)(internal citations omitted); see also, (Document No. 15 at 3-6).

Aetna's motion to partially dismiss contends that since the relief Plaintiff seeks is the recovery of benefits under the LTD Plan, he should be limited to an action pursuant to 29 U.S.C. §1132(a)(1)(B). (Document No. 15 at 5-6).[1] According to Aetna, the simultaneous action brought under subsection (a)(3) must be dismissed.

Next, the Duke Defendants' motion to dismiss contends that Aetna is the only proper defendant because it exercised control "over the benefit decisions under, or discretion with respect to interpretation of, the LTD Plan, and therefore Aetna is the only defendant that could provide the relief that the Plaintiff demands." (Document No. 16 at 1). The Defendants' motions seem to ignore (or at least discount) Plaintiff's claim for benefits other than the LTD Plan. Since Defendants

---

[1] 29 U.S.C. §1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

5

consider LTD Plan benefits to be the central, or only, relief Plaintiff seeks, they focus their argument on the Duke Defendants' lack of control over that Plan. Defendants argue that the Duke Defendants lacked any meaningful control over decisions regarding the Plaintiff, and they should therefore be dismissed from the lawsuit in favor of Aetna alone.

Plaintiff, in response to Defendants' two motions, argues first that while his Complaint certainly seeks the LTD Plan benefits, it also seeks reinstatement of other employee benefit plans – the so-called follow-on benefits. (Document No. 23 at 3-4). Thereby, Plaintiff argues that his lawsuit also seeks equitable relief of the type that is covered by 29 U.S.C. §1132(a)(3), in addition to the relief claimed pursuant to 29 U.S.C. §1132(a)(1)(B).[2] Therefore, Plaintiff contends his suit is correctly brought pursuant to both sections of the statute. In this instance, argues the Plaintiff, it is acceptable to proceed under both provisions simultaneously.

On the question of the Duke Defendants, Plaintiff asserts in response that they are proper parties because Plaintiff seeks coverage under other benefit plans over which these Duke Defendants arguably exercise control and management. In addition, Plaintiff contends that pursuant to 29 U.S.C. § 1132(d), the LTD Plan itself may be sued as an entity, and that Duke Energy Corporation is "is the designated Plan Administrator and the agent for service of process on the LTD Plan, and has the power to amend the LTD Plan." (Document No. 23 at 6). Therefore, argues the Plaintiff, both of these Duke Defendants (the LTD Plan and Duke Energy Corporation) are proper parties, even under 29 U.S.C. §1132(a)(1)(B). The Complaint specifically asserts that Defendant Duke Energy

---

[2] 29 U.S.C. §1132(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Corporation Benefits Committee is the designated plan administrator of the LTD Plan and that the Benefits Committee has delegated certain administrative duties to Defendant Duke Energy Claims Committee. (Document No. 1 at 2). Plaintiff thus argues that the Claims and Benefits Committee Defendants may also be proper parties in a 29 U.S.C. §1132(a)(1)(B) action. According to Plaintiff, because all of the Duke Defendants may have some authority to grant Plaintiff some of the relief he seeks, none of them should be entitled to dismissal – particularly at this early stage of the case. (Document No. 23 at 7).

A key rebuttal argument that was not clearly articulated until "Defendants' Consolidated Reply..." (Document No. 25) asserts that Plaintiff's additional claims against the Duke Defendants, for benefits other than those under the LTD Plan, are actually contingent on Plaintiff's eligibility under the LTD Plan. Thus, Defendants contend that if Aetna's disability termination is upheld, Plaintiff has no standing to seek relief for the "follow-on" benefits. In other words, Plaintiff's claim for follow-on benefits (e.g. medical, dental and life insurance) is not ripe for consideration, unless or until Aetna's disability determination is overturned *and* the Duke Defendants subsequently refuse to reinstate the additional benefits. Aetna therefore concludes that Plaintiff's claim under 29 U.S.C. §1132(a)(3) must be dismissed on this alternative basis.

There seems to be no dispute that the additional ("follow-on") benefits depend on Plaintiff's eligibility for LTD Plan benefits. In discussing his claim for LTD Plan benefits in the Complaint, Plaintiff acknowledges "**as long as Mr. Worsley remains disabled under the terms of the LTD Plan**, Mr. Worsley is eligible for certain other employee benefits from Duke Energy, including but not limited to medical, dental, life and other coverage and benefits for himself and his eligible dependents." (Document No. 1 at ¶ 21)(emphasis added). Discussing this issue in his response,

7

Plaintiff notes that "[i]t appears Defendants do not dispute that Plaintiff is entitled to reinstatement to those coverages **if he is entitled to LTD benefits**...." (Document No. 23 at 5)(emphasis added).

Based on the parties' apparent agreement that the reinstatement of Plaintiff's follow-on benefits are is in fact contingent on reinstatement of coverage under the LTD Plan, and that Plaintiff seeks such equitable relief pursuant to 29 U.S.C. §1132(a)(3), the undersigned agrees with Defendants' position that Plaintiff's claims for reinstatement of the follow-on benefits is premature. If it is determined that Plaintiff is disabled and entitled to the LTD Plan benefits, and if after that determination, Defendants still do not make available the follow-on benefits, *then* Plaintiff may have an actionable claim on the issue of those specific benefits. In the meantime, the undersigned recommends that this lawsuit is properly narrowed to the Plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B) for restoration of Plaintiff's LTD Plan benefits. The undersigned will therefore recommend that Aetna's motion to partially dismiss be granted.

The remaining question then is who are the proper Defendants in the claim for LTD Plan benefits. Aetna does not challenge its status as a Defendant, and all parties seem to recognize that it had a significant role in administering and paying LTD benefits; therefore it will remain a party to the lawsuit. Because 29 U.S.C. § 1132(d) allows the Plan itself to be named as a Defendant, the undersigned will not dismiss Duke Energy Long-Term Disability Insurance Plan as a party.[3] The other Duke Defendants present a closer call.

Defendants contend in their consolidated reply that the "Duke Defendants have no discretion in determining whether Plaintiff is disabled" and are not proper parties in an ERISA action brought

---

[3] "An employee benefit plan may sue or be sued under this subchapter as an entity." 29 U.S.C. § 1132(d)(1).

under section 1132(a)(1)(B). (Document No. 25 at 5). Despite Defendants' arguments to the contrary, the Complaint specifically designates the LTD Plan as a Defendant, citing 29 U.S.C. § 1132(d); and the Complaint also identifies Duke Energy Corporation Benefits Committee as the designated plan administrator. (Document No. 1 at ¶¶ 6-8). Furthermore, Plaintiff's response to the motions to dismiss contends that Duke Energy Corporation is the designated plan administrator and the agent for service of process with the power to amend the LTD plan. (Document No. 23 at 6). "[A] person or entity may still qualify as a fiduciary under ERISA even if the plan does not designate that person or entity as a named fiduciary because ERISA extends the scope of the term fiduciary to any person or entity who actually exercises discretionary authority, control, or responsibility over the plan. McRae v. Rogosin Converters, Inc., 301 F.Supp.2d 471, 475-76 (M.D.N.C. 2004); See also, 29 U.S.C. 1002(21)(A).

Plaintiff's response argues that at this early stage of the litigation, it is improper to determine what entity or entities exercised enough fiduciary control over the plan to be a proper defendant. (Document No. 23 at 6).

> Several circuit courts of appeals have held that the only proper defendant in such an action is the plan itself. However, other circuits have held that the party who administers the benefit plan may properly be sued in an action for recovery of benefits. Although there is no published decision by the Fourth Circuit on the issue, an unpublished decision suggests that it would permit a suit to recover benefits against the plan itself and any fiduciaries of the plan.

Williams v. Unum Life Ins. Co., 250 F.Supp. 2d 641, 645 (E.D.Va. 2003)(internal citations omitted).

This Court has recently noted the split in the circuits and opined that the Fourth Circuit favors a control test to determine proper defendants. Abbott v. Duke Energy Health & Welfare Benefit Plan, No. 3:07-CV-110, 2007 U.S. Dist. LEXIS 57939 at *5-6 (W.D.N.C. August 7, 2007), see also,

9

Gluth v. Wal-Mart Stores, Inc., 1997 U.S. App. LEXIS 16451 (4th Cir. 1997). Use of a control test for determining ERISA defendants is a fact specific inquiry turning on the discretion the potential defendant(s) exercised over the plan. Id. at *6. This Court under similar circumstances went on to conclude that "[d]etermining a defendant's level of discretion is a fact specific inquiry not suited for a motion to dismiss." Id.

Viewing the Complaint in the light most favorable to the Plaintiff, as we must, and noting that at this early stage of the litigation it is unclear what if any discretion the various Duke Defendants may have exercised over the plan in question, the undersigned will not recommend that any of the Duke Defendants be granted dismissal at this time. Although there are persuasive arguments in the briefs and the attachments suggesting that only one or two Defendants are proper parties, the undersigned finds that a determination of that issue would require a fact-finding inquiry that is inappropriate at this stage of the litigation. Therefore, the undersigned will recommend that the Duke Defendants' motion to dismiss be denied.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Aetna Life Insurance Company's Motion To Partially Dismiss Complaint" (Document No. 14) be **GRANTED**; and that the "Motion To Dismiss Complaint Of Defendants Duke Energy Carolinas, LLC, Duke Energy Long-Term Disability Insurance Plan, Duke Energy Benefits Committee, and Duke Energy Claims Committee" (Document No. 16) be **DENIED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: August 6, 2008

David C. Keesler
United States Magistrate Judge