| | |
|---|---|
| **MARK WORSLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| **v.** ) | |
| ) | |
| **AETNA LIFE INSURANCE** ) | |
| **COMPANY; DUKE ENERGY** ) | |
| **CAROLINAS, LLC; DUKE ENERGY** ) | |
| **CORPORATION; DUKE ENERGY** ) | |
| **LONG-TERM DISABILITY** ) | |
| **INSURANCE PLAN; DUKE ENERGY** ) | |
| **CORPORATION BENEFITS** ) | |
| **COMMITTEE; and DUKE ENERGY** ) | |
| **CORPORATION CLAIMS** ) | |
| **COMMITTEE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

THIS MATTER is before the Court on Defendant Aetna Life Insurance Company's ("Aetna") Motion to Partially Dismiss (Doc. No. 14), Defendants Duke Energy Carolinas, LLC, Duke Energy Corporation, Duke Energy Long-Term Disability Insurance Plan, Duke Energy Corporation Benefits Committee, and Duke Energy Corporation Claims Committee's ("the Duke Defendants") Motion to Dismiss (Doc. No. 16), Plaintiff's Response (Doc. No. 23), Defendants' Consolidated Reply (Doc. No. 25), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 26). The M&R recommended that Aetna's Motion to Dismiss be granted and that the Duke Defendants' Motion to Dismiss be denied. The Duke Defendants filed objections (Doc. No. 27), Plaintiff filed objections (Doc. No. 28), and Plaintiff filed a Reply to Defendants' objections (Doc. No. 30), which are now before this Court. For the reasons that follow, the Court **GRANTS** Aetna's Motion to Dismiss (Doc. No. 14), and **DENIES** the Duke Defendants' Motion to Dismiss

(Doc. No. 16).

# I. BACKGROUND

The parties made no specific objections to the findings of fact contained in the Magistrate Judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the Magistrate Judge on pages one through two of the M&R filed on August 6, 2008, for purposes of this Order.

# II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 198 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

# III. DISCUSSION

Defendant Aetna moved to dismiss with prejudice Plaintiff Mark Worsley's claim under 29 U.S.C. § 1132(a)(3) for follow-on benefits by arguing that Worsley is barred from simultaneously seeking relief under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) (Doc. No. 14 at 1) and that Worsley's claim for follow-on benefits is not ripe (Doc. No. 25 at 3).[1] The Magistrate Judge granted Aetna's motion after concluding that Worsley's claim for follow-on benefits is not ripe. (Doc. No.

---

[1] Plaintiff alleges that he is entitled to employee benefits, "including but not limited to medical, dental, life and other coverage and benefits for himself and his eligible dependants." (Doc. No. 1 at 4). The Court refers to these benefits as "follow-on benefits."

26 at 8).  The Magistrate Judge found that Worsley's claim for follow-on benefits is contingent upon (1) the Court overturning Aetna's disability determination and (2) the Duke Defendants subsequently refusing to reinstate the follow-on benefits.  (Doc. No. 26 at 7).

Worsley objects and argues that the M&R be modified to allow Plaintiff to maintain his claim for follow-on benefits because the Long Term Disability Plan ("LTD Plan") entitles Worsley to certain follow-on benefits.  (Doc. No. 28 at 3).  In the alternative, Worsley requests that the M&R be modified to clarify that Plaintiff's claims for follow-on benefits are dismissed without prejudice. (Doc. No. 28 at 3-4).

The Duke Defendants object to the M&R and argue that Worsley's claims under § 1132(a)(3) should be dismissed against all of the Duke Defendants for the same reason that the claims were dismissed against Aetna.  (Doc. No. 27 at 1).  The Duke Defendants also argue that all of the ERISA claims against the Duke Defendants should be dismissed as premature, using the same rationale that the Magistrate Judge used in dismissing the claim for follow-on benefits; Defendants assert that none of the ERISA claims will ripen until it is determined that (1) Worsley is disabled and (2) the Duke Defendants subsequently fail to provide benefits.  (Doc. No. 27 at 2).

**1.      Whether Plaintiff's ERISA claims are ripe for review**

**a.      Plaintiff's claim for follow-on benefits is not ripe.**

"[R]ipeness is peculiarly a question of timing."  <u>Reg'l Rail Reorganization Act Cases</u>, 419 U.S. 102, 140 (1974).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted).  After reviewing the facts, the Court finds that Worsley's ERISA claim for follow-on benefits is not ripe for review because his claims

3

are contingent on the occurrence of two future events: the overturning of plaintiff's disability determination and the Duke Defendants subsequent refusal to reinstate the follow-on benefits.

In May 2006, Aetna terminated Plaintiff's LTD benefits, contending that Worsley was no longer considered disabled under a revised definition of disability. Worsley appealed the determination and Aetna upheld its decision. Under the LTD Plan, Worsley is entitled to follow-on employee benefits only if Worsley is considered disabled. (Doc. No. 17-4 at 15). As stated in the Complaint, "as long as Mr. Worsley remains disabled under the terms of the LTD Plan, Mr. Worsley is eligible for certain other employee benefits from Duke Energy, including but not limited to medical, dental, life and other coverage and benefits for himself and his dependents." (Doc. No. 1; Compl. ¶ 21).

Once Aetna no longer considered Worsley disabled, Worsley was no longer eligible to receive follow-on benefits from the Duke Defendants. As explained in the M&R, "If it is determined that Plaintiff is disabled and entitled to the LTD Plan benefits, and if after that determination, Defendants still do not make available the follow-on benefits, then Plaintiff may have a actionable claim on the issue of those specific benefits." (Doc. No. 26 at 8). Plaintiff's claim against the Duke Defendants for follow-on benefits is contingent on his restatement of coverage under the LTD Plan and the Duke Defendants' subsequent refusal to reinstate the follow-on benefits; therefore, Worsley's claim for follow-on benefits is dismissed without prejudice, for Plaintiff to re-file if the claim later becomes ripe.[2]

---

[2] Plaintiff requests that the M&R be modified so as to allow Plaintiff to re-file his claim for follow-on benefits when and if ripe in the future under either 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3). At this time, the Court refrains from advising Plaintiff as to which section(s) of ERISA he may use to file his potential future claim for follow-on benefits.

### b. Plaintiff's claim for benefits under Section 1132(a)(1)(B) is ripe.

The Duke Defendants argue in their objections to the M&R that all of the ERISA claims against the Duke Defendants should be dismissed as unripe because they will not ripen until it is first determined that the Plaintiff is disabled and entitled to the LTD Plan benefits. Assuming that the Duke Defendants have control over the determination of disability, as addressed below, the Court finds that Plaintiff's claim against the Duke Defendants for benefits under 29 U.S.C. § 1132(a)(1)(B) is ripe for review. The necessary events giving rise to an ERISA claim for benefits has already occurred: Plaintiff was denied disability benefits, Plaintiff appealed the decision, and Defendant Aetna upheld the decision. Plaintiff's claim for benefits under § 1132(a)(1)(B) is not based on speculation of a future injury. Therefore, Plaintiff's claim for benefits against the Duke Defendants under § 1132(a)(1)(B) is ripe for review.

### 2. Whether equitable claims under 29 U.S.C. § 1132(a)(3) remain

The Duke Defendants seek to clarify the M&R so as to have all of Plaintiff's equitable claims under 29 U.S.C. § 1132(a)(3) dismissed against the Duke Defendants.

In Varity Corp v. Howe, the Supreme Court stated that "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" 516 U.S. 489, 515 (1996). Stated another way, § 1132(a)(3) acts as a catchall provision, "offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere remedy." Id. at 512.

The Fourth Circuit further clarified the meaning of § 1132(a)(3) in light of Varity:

> [T]he great majority of circuits have interpreted *Varity* to hold that a

> claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3). These courts have not allowed claimants to proceed with § 1132(a)(3) claims where relief was potentially available to them under § 1132(a)(1)(B), because, in *Varity*, [t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies. A plaintiff whose injury consists of a denial of benefits has adequate relief available for the alleged improper denial of benefits through his right to sue [the benefit plan] directly under section 1132(a)(1), and thus relief through the application of Section 1132(a)(3) would be inappropriate. . . . We join our sister circuits and hold that § 1132(a)(1)(B) affords the plaintiff adequate relief for her benefits claim, and a cause of action under § 1132(a)(3) is thus not appropriate.

Korotynaska v. Metro. Life Ins., Co., 474 F.3d 101, 106-07 (4th Cir. 2006) (internal quotation marks and citations omitted).

In the Complaint, Worsley seeks three types of relief: (1) LTD benefits under § 1132(a)(1)(B); (2) retroactive reinstatement of follow-on benefits under § 1132(a)(1)(B) and § 1132(a)(3); and (3) "other appropriate relief" under § 1132(a)(3). (Doc. No. 1 at 6).

Having already dismissed Worsley's unripe claim for follow-on benefits, the only remaining claims are for LTD benefits under § 1132(a)(1)(B) and for other appropriate equitable relief under § 1132(a)(3). Worsley has an adequate available remedy for the denial of his LTD Plan benefits under § 1132(a)(1)(B), and therefore relief under § 1132(a)(3) is inappropriate. This lawsuit is narrowed to Worsley's claim under 29 U.S.C. § 1132(a)(1)(B) for restoration of Worsley's LTD Plan benefits, and Worsley's claims under § 1132(a)(3) are dismissed.

### 3. Whether the Duke Defendants are the proper Defendants

The Magistrate Judge determined that none of the Defendants should be dismissed from this lawsuit. Aetna does not challenge its status as a defendant, and all the parties seem to recognize that

Aetna had a significant role in administering and paying LTD benefits. The M&R also explains that Duke Energy Long-Term Disability Insurance Plan is a proper defendant because 29 U.S.C. § 1132(d) allows the Plan itself to be named as a defendant. Finally, the M&R concludes that the remaining Duke Defendants should not be dismissed from the action at this early stage of the litigation.

Defendants object to the Magistrate Judge's decision not to dismiss the remaining Duke Defendants. Specifically, the Defendants object to the inclusion of the following Defendants as parties to this action: Duke Energy Carolinas, LLC, Duke Energy Corporation, Duke Energy Corporation Benefits Committee, and Duke Energy Corporation Claims Committee.

Circuits are divided over whether parties other than the plan itself may be named as defendants under § 1132(a)(1)(B) of ERISA. Abbott v. Duke Energy Health & Welfare Benefit Plan, No. 3:07cv110, 2007 U.S. Dist. LEXIS 57939, at *5 (W.D.N.C. Aug. 7, 2007). Although there are no reported Fourth Circuit cases addressing the issue, the Fourth Circuit appears to be aligned with those circuits that allow a plaintiff to recover benefits against the pension plan and any fiduciaries who control the administration of the plan. See Gluth v. Wal-Mart Stores, Inc., No. 96-1307, 1997 U.S. App. LEXIS 16451, at *18 (4th Cir. June 3, 1997) (unpublished) (concluding that the defendant had no control over the plan administration, and therefore, was not a proper defendant in plaintiff's action for benefits under § 1132(a)(1)(B)). Although the decision in Gluth is unpublished, several district courts in the Fourth Circuit have relied on its logic in applying the control test.[3]

---

[3] Parker v. Kraft Foods Global, Inc., No. 3:07cv87, 2008 U.S. Dist. LEXIS 87751, at *15-16 (W.D.N.C. Sept. 26, 2008); Yergin v. Nat'l Rural Elec. Cooperative Ass'n, No. 1:06cv1047, 2007 U.S. Dist. LEXIS 96924, at *8-9 (E.D. Va. March 21, 2007); Abbott, 2007 U.S. Dist. LEXIS 57939, at *5; Elie G. Ghattas Trust v. Unumprovident Life Ins., No. 1:03cv1614A, 2004 U.S. Dist. LEXIS 26753, at *31 (E.D. Va. Oct. 5, 2004).

The control test originates from the text of ERISA. "If a plan designates a person or entity a 'named fiduciary,' then such person or entity is presumptively a fiduciary and subject to liability under ERISA." McRae v. Rogosin Converters, Inc., 301 F. Supp. 2d. 471, 475 (M.D.N.C. 2004) (citation omitted). ERISA "extends the scope of the term fiduciary to any person or entity who actually exercises discretionary authority, control, or responsibility over the plan." Id.; see 29 U.S.C. § 1002(21)(A). "Using the control test means that decisions regarding ERISA defendants are fact-specific inquiries that hinge upon the amount of discretion the potential defendant exercised over the plan." Abbott, 2007 U.S. Dist. LEXIS 57939, at *6 (explaining that the control test is a fact-specific inquiry not suited for a motion to dismiss).

In this case, the Complaint identifies Duke Energy Corporation Benefits Committee as the designated plan administrator of the LTD Plan and explains that the Benefits Committee designates administrative duties to the Duke Energy Corporation Claims Committee. Furthermore, Plaintiff's response to the Motions to Dismiss contends that Duke Energy Corporation, formerly known as Duke Energy Carolinas, LLC, is the designated plan administrator and the agent for the service of process with the power to amend the LTD Plan.

Taking Worsley's allegations as true, as required in a 12(b)(6) motion, such allegations suggest that the Duke Defendants are properly named defendants because of the alleged authority that the Defendants exercised over the Plan. "Whether Plaintiff will be able to show, either from the administrative record or from other admissible evidence that such control actually existed is an issue to be addressed at a different stage of this proceeding." Parker v. Kraft Foods Global, Inc., No. 3:07cv87, 2008 U.S. Dist. LEXIS 87751, at*16 (W.D.N.C. Sept. 26, 2008). Therefore, the Duke Defendants' Motion to Dismiss is denied.

## VI. CONCLUSION

After conducting a _de novo_ review of the parties' objections to the M&R, the Court finds that Plaintiff's claims for follow-on benefits are not ripe for review; however, Plaintiff's claim for benefits is ripe for review. The Court dismisses any remaining equitable claims under § 1132(a)(3). Finally, the Court finds that none of the Duke Defendants should be dismissed at this stage in the litigation.

**IT IS THEREFORE ORDERED THAT:**

1.      Defendant Aetna's Motion to Partially Dismiss (Doc. No. 14) is **GRANTED**; and

2.      the Duke Defendants' Motion to Dismiss (Doc. No. 16) is **DENIED**.

Signed: June 23, 2009

Robert J. Conrad, Jr.
Chief United States District Judge